JESS R. BRESSI (SBN110264)
NICK S. PUJJI (SBN 259571)
ANDREW M. LEGOLVAN (SBN 292520)
**DENTONS US LLP**
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
jess.bressi@dentons.com
nick.pujji@dentons.com
andy.legolvan@dentons.com

Attorneys for Plaintiffs Hua Nan
Commercial Bank, Ltd.; Hua Nan
Investment Trust Co.; Standard Chartered
Bank (Taiwan), Ltd.; Bank SinoPac;
Taichung Commercial Bank; EnTie
Commercial Bank; KGI Bank (fka Cosmos
Bank Taiwan); and Core Tech Resources,
Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUA NAN COMMERCIAL BANK, LTD.; HUA NAN INVESTMENT TRUST CO.; STANDARD CHARTERED BANK (TAIWAN), LTD.; BANK SINOPAC; TAICHUNG COMMERCIAL BANK; ENTIE COMMERCIAL BANK; KGI BANK (FKA COSMOS BANK TAIWAN); AND CORE TECH RESOURCES, INC.,  ASSIGNEES OF ROBERT P. MOSIER, RECEIVER FOR PRIVATE EQUITY MANAGEMENT GROUP, LLC, ET AL., <br><br>          Plaintiffs, | Case No.   8:17-cv-01333 <br><br> **COMPLAINT FOR:** <br><br> **(1)  AVOIDANCE OF CONVEYANCE  OF REAL PROPERTY - INTENTIONAL FRAUD;** <br> **(2)  AVOIDANCE OF CONVEYANCE  OF REAL PROPERTY - CONSTRUCTIVE FRAUD; AND** <br> **(3)  CONSPIRACY TO DEFRAUD** <br><br> **[CALIFORNIA UNIFORM VOIDABLE TRANSACTIONS ACT]** |

- 1 -

COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

v.

NASAR ABOUBAKARE, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996; BANG-CO ABOUBAKARE, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996; ANVAR ABOUBAKARE, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996; THUY DUONG ABOUBAKARE, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996; ZAUBEDAH ABOUBAKARE; JAMILA ABOUBAKARE TRAN, and THE ABOUBAKARE TRUST DATED MAY 26, 1996; and DOES 1-5, inclusive,

Defendants.

COMPLAINT

104330759\V-2

1  Plaintiffs Hua Nan Commercial Bank, Ltd.; Hua Nan Investment Trust Co.;

2  Standard Chartered Bank (Taiwan), Ltd.; Bank SinoPac; Taichung Commercial

3  Bank; EnTie Commercial Bank; KGI Bank (fka Cosmos Bank Taiwan); and Core

4  Tech Resources, Inc. ("Plaintiffs"), assignees of Robert P. Mosier, as Receiver for

5  Private Equity Management Group, LLC, Private Equity Management Group, Inc.,

6  and their subsidiaries and affiliates (the "Receiver"), hereby complain and allege as

7  follows:

8  ## OVERVIEW

9  1.  This lawsuit relates to the improper and illegal efforts by a family of

10  related Defendants to frustrate, hinder and avoid the collection of a judgment filed

11  against one of their family members, Defendant Nasar Aboubakare.  The judgment

12  had previously been filed on June 16, 2016, in a lawsuit (United States District

13  Court for the Central District of California, Case No. 8:12-CV-00573 PSG-E)

14  relating to a SEC Receivership of companies that Defendant Nasar Aboubakare was

15  a principal in and shareholder of.

16  2.  By way of background, various entities controlled by either Private

17  Equity Management Group, LLC ("PEMG, LLC"), Private Equity Management

18  Group, Inc. ("PEMG, Inc."), and their subsidiaries and affiliates (collectively,

19  "PEMGroup"), offered and sold preferred shares, notes and bonds and other forms

20  of debt by representing to investors[1] in various offering memoranda that their

21  investment proceeds would be used to purchase and/or finance the maintenance of

22  life insurance policies issued to purportedly high net worth individuals and/or to

23  invest in timeshare-related assets.

24

25

26

27  [1] As used herein, unless otherwise noted, "investors" refers to those entities and/or individuals investing in securities offered and sold by PEMGroup and/or various entities and affiliates controlled by PEMGroup, and not shareholders or investors of PEMGroup.

28

- 3 -

COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3. Between 2002 and August 2007, during which certain PEMGroup principals misused investor funds, Defendant Nasar Aboubakare was a Director, Managing Director, Chief Investment Officer, or President of PEMGroup and entities affiliated with PEMGroup that were used to raise investor funds.

4. PEMGroup Investors were told that both principal and interest were insured and "guaranteed." Based on these representations, among others, PEMGroup was able to raise approximately $1 billion, representing virtually all of PEMGroup's corporate assets.

5. Although certain PEMGroup principals successfully raised funds, they abysmally failed at investing in revenue-generating life insurance policies, timeshares, or any securities that could fund the company's lavish operations, much less generate the promised returns. To the detriment of PEMGroup, money received from investors was improperly diverted to support, among other things, excessive executive compensation, company jets, and unnecessarily lavish operating expenses. Money was also diverted to individual directors and/or officers indirectly in the form of improper and undocumented loans to entities controlled by such individuals.

6. Because of the non-conforming use of investment proceeds, investors were essentially promised a false return on investments that did not exist and never materialized. As a result, to sustain the illusion of legitimacy and fuel ever more investment, certain PEMGroup principals engaged in a classic "Ponzi Scheme," which operates by using new investment proceeds to repay principal on and provide returns to older preferred shares, notes and bonds and other debt.

7. To facilitate interest in PEMGroup's debt offerings, and the Ponzi Scheme, certain PEMGroup principals made at least four material misrepresentations to investors: (1) the source of the purported returns was claimed to be profits generated by PEMGroup's investments in life insurance policies and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

COMPLAINT

104330759\V-2

timeshare real estate, when, in fact, some of the purported returns were paid out of funds raised from subsequent investors; (2) in at least one instance, investors were presented with a forged insurance policy in which the coverage amount had been altered from $31 million to $108 million to support a false claim that a particular investment was entirely covered by insurance; (3) certain PEMGroup principals misappropriated millions of dollars of investor funds on purchases, such as the purchase of private aircraft, lavish operating expenses, and undisclosed loans; and (4) the educational and employment history of Danny Pang ("Pang"), PEMGroup's Chairman, was misrepresented by false claims that he had received bachelor's and master of business administration degrees and that he had worked at the well-known brokerage house, Morgan Stanley.

8.     During his tenure at PEMGroup, Defendant Nasar Aboubakare became aware of, and actively participated in, Pang's plan to misappropriate millions of investor funds.  Among other things, Defendant Nasar Aboubakare fueled the Ponzi scheme by facilitating the sales of impaired life settlement assets between PEMGroup affiliates in order to generate funds that were then used to pay investors.  Defendant Nasar Aboubakare also furthered the scheme by forging the non-existent $108 million insurance policy referenced above.  Defendant Nasar Aboubakare, moreover, was aware that investor funds were being used for improper purposes, such as loans to Pang, yet failed to stop the misuse.  Apart from his participation in Pang's scheme, Defendant Nasar Aboubakare also conspired with an insurance broker and caused PEMGroup affiliates to purchase assets at inflated prices while receiving kickbacks.

## PARTIES

9.     Plaintiffs Hua Nan Commercial Bank, Ltd.; Hua Nan Investment Trust Co.; Standard Chartered Bank (Taiwan), Ltd.; Bank SinoPac; Taichung Commercial Bank; EnTie Commercial Bank; KGI Bank (fka Cosmos Bank

- 5 -

COMPLAINT

Taiwan); and Core Tech Resources, Inc. ("Plaintiffs") are the successors-in-interest by assignment to Robert P. Mosier, the Court-appointed permanent receiver for PEMGroup in an action formerly pending before the United States District Court for the Central District of California, the Honorable Philip S. Gutierrez presiding, Case No. CV 09-2901 PSG (Ex).

10. Plaintiffs are each business entities incorporated, organized and/or qualified to do business under the laws of Taiwan, Republic of China. Plaintiffs' principal places of business are located in the City of Taipei, Taiwan, Republic of China.

11. Defendant Nasar Aboubakare was, between 2002 and August 2007, the Managing Director, President and Chief Investment Officer of PEMG, Inc. Defendant Nasar Aboubakare, as a Director, also controlled and directed certain of the actions and operations of PEMG, LLC with respect to investment decisions and general directorial functions. During his tenure at PEMGroup, Defendant Nasar Aboubakare also served as the Director of various affiliates, including but not limited to, GVEC Resource II, Inc., GVEC Resource III, Inc., and GVEC Resource IV, Inc. Nasar Aboubakare is believed to reside in Fountain Valley, California, located within this District.

12. Until about April 24, 2009, PEMGroup was an investment company that raised funds from various investors, mainly Taiwanese banks such as Plaintiffs, placed these funds in various revocable trusts (the "Trusts") that PEMGroup created, and then through the Trusts purportedly invested some of the funds in various real estate, time share and life insurance assets. Defendant Nasar Aboubakare was also a Shareholder of PEMGroup.

13. On or about August 2007, Defendant Nasar Aboubakare's employment at the PEMGroup ended.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 6 -

COMPLAINT

14.    Defendant Bang-Co Aboubakare is a natural person and is sued individually and as a trustee of the Aboubakare Trust Dated May 26, 1996. Defendant Bang-Co Aboubakare resides in Fountain Valley, California, located within this District. Defendant Bang-Co Aboubakare was and is at all relevant times to this lawsuit the wife of Defendant Nasar Aboubakare.

15.    Defendant Anvar Aboubakare is a natural person and is sued individually and as a trustee of the Aboubakare Trust Dated May 26, 1996.  Upon information and belief, Defendant Anvar Aboubakare resides in Orange, California, located within this District.  Defendant Anvar Aboubakare is the brother of Defendant Nasar Aboubakare and husband of Defendant Thuy Duong Aboubakare.

16.    Defendant Thuy Duong Aboubakare is a natural person and is sued individually and as a trustee of the Aboubakare Trust Dated May 26, 1996.  Upon information and belief, Defendant Thuy Duong Aboubakare resides in Orange, California, located within this District.  Upon information and belief, at all times relevant to the claims contained in this complaint, Defendant Thuy Duong Aboubakare was and is the sister-in-law of Defendant Nasar Aboubakare and wife of Defendant Anvar Aboubakare.

17.    Defendant Zaubedah Aboubakare is a natural person, is sued individually, and is the mother of Defendant Nasar Aboubakare.  Upon information and belief, Defendant Zaubedah Aboubakare resides in Fountain Valley, California, located within this District.

18.    Defendant Jamila Aboubakare Tran is a natural person, is sued individually, and is a relative of Defendant Nasar Aboubakare.  Upon information and belief, Defendant Jamila Aboubakare Tran resides in Orange County, California, located within this District.

19.    Upon information and belief, Defendant the Aboubakare Trust Dated May 26, 1996, is a revocable, *inter vivos* trust organized by Defendant Nasar

- 7 -

COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Aboubakare (the "Trust").  Upon information and belief, at various times

2    Defendants Nasar Aboubakare and Bang-Co Aboubakare were and are the co-

3    trustees of the Trust.  Defendants Anvar Aboubakare and Thuy Duong Aboubakare

4    also signed documents as co-trustees of the Trust.

5    20.    On information and belief, each defendant herein is, and at all material

6    times hereto was, the principal, partner, co-venturer, beneficiary, agent, servant,

7    trustee, employer, and/or employee of each of the other Defendants herein, and at

8    all times mentioned herein was acting within the scope of said agency and/or

9    employment, and was aware of and ratified the acts of the other.  As such, the

10    defendants are jointly and severally liable for the acts alleged herein.

11    **JURISDICTION AND VENUE**

12    21.    This Court has jurisdiction over this action pursuant to: (1) complete

13    diversity between the parties [28 U.S.C. § 1332] and (2) 28 U.S.C. § 754, which

14    expressly vests receivers "with complete jurisdiction and control of all such

15    property" located in this district.  Jurisdiction over the subject matter of this action

16    also exists because the claims alleged herein involve a Judgment that was formerly

17    a Receivership Asset as described in the Court's Preliminary Injunction and Orders

18    Appointing a Permanent Receiver filed in United States District Court for the

19    Central District of California, Case No. CV 09-2901 PSG (Ex).  That Order states

20    that all disputes relating to Receivership Assets must be filed in this Court.

21    22.    Venue for this action is proper in the Central District of California

22    because: (1) the Property alleged to have been fraudulently transferred is located in

23    this District; (2) this action is ancillary to the Receivership proceedings previously

24    pending in this District; (3) Plaintiffs' assignor, the Receiver, was appointed by this

25    Court; (4) this action involves a Judgment by the Court that was a Receivership

26    Asset within the meaning of the Preliminary Injunction and Orders Appointing a

27    Permanent Receiver, which requires that all such disputes be filed in this District;

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 8 -

COMPLAINT

(5) certain transactions, acts, practices and causes of conduct occurred within this District; and (6) the Defendants reside in this District.

## PROCEDURAL HISTORY

23.    On April 24, 2009, the United States Securities and Exchange Commission ("SEC") initiated *Securities and Exchange Commission, Plaintiff v. Private Equity Management Group, LLC; Private Equity Management Group, Inc.; and Danny Pang, Defendants*, Case No. CV 09-2901 PSG (Ex) (the "SEC Action"), and sought to have a Receiver appointed for the entities named in that case.  On April 27, 2009, the United States District Court for the Central District of California granted and entered a temporary restraining order appointing a temporary receiver.  On July 2, 2009, the Court granted, and on August 4, 2009 entered, an Order Appointing a Permanent Receiver (the "Order").  The Order appointed Plaintiffs predecessor-in-interest, Robert P. Mosier, as the Receiver for PEMGroup and its related entities (the "Receiver").

## FACTUAL BACKGROUND REGARDING THE TRANSFERS

24.    On April 16, 2012, the Receiver filed a Complaint against Nasar Aboubakare, assigned Case No. 8:12-CV-00573 PSG-E (the "Claims Action"), which asserted specific claims (the "Claims") against Nasar Aboubakare for: (1) Breach of Fiduciary Duty; (2) Gross Negligence; (3) Conversion and Conspiracy to Convert; (4) Waste of Assets; and (5) Unjust Enrichment.

25.    Following a day-long Settlement Conference conducted by Magistrate Judge Jay C. Gandhi, as of November 4, 2013, the Receiver and Nasar Aboubakare entered into a Settlement Agreement relating to the Claims.  The Settlement Agreement provided for the dismissal of the Claims Action, one lump sum payment by March 31, 2014 and a second lump sum payment by December 31, 2014.  The

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

COMPLAINT

104330759\V-2

Settlement Agreement also provided that a Stipulated Judgment for $500,000 would be filed in the event Defendant Nasar Aboubakare defaulted on his payments, less credit for any payments received.

26.    Defendant Nasar Aboubakare defaulted on his payments due under the Settlement Agreement.  On June 16, 2016, the Court filed as Document No. 49 in the Claims Action a "Judgment Against Defendant Nasar Aboubakare" (the "Judgment").  The Judgment was for $372,000 plus post-judgment interest, reasonable attorneys' fees and costs.  The Judgment is outstanding and unpaid and Plaintiffs are thus creditors of Defendant Nasar Aboubakare.

27.    On January 3, 2017, the Court filed as Document No. 948 in the SEC Action its Amended Order Approving the Receiver's Final Account and Report, etc., approving among other things, for the assignment of all of the Receiver's and Receivership Estate's claims against Defendant Nasar Aboubakare, including the Judgment in the Claims Action, to Plaintiffs.  A true and correct copy of the January 3, 2017 Amended Order providing for the assignment of the claims against Defendant Nasar Aboubakare is attached as Exhibit "A."  See page 3, paragraph 6.

28.    Plaintiffs are informed and believe and based thereon allege that on June 5, 2000, Defendant Nasar Aboubakare and/or a trust that he controlled, Defendant the Aboubakare Trust Dated May 26, 1996, acquired by Grant Deed a luxury single family home located on about an acre of land in the exclusive Orange Park Acres area of the City of Orange, California, commonly known as 1658 North Hunters Way, Orange, California, Assessor's Parcel No. 370-101-03, and legally described as Lot 51 of Tract 7560, in the City of Orange, County of Orange, State of California, as per map recorded in Book 353, Pages 24 through 27, inclusive, of Miscellaneous Maps in the Office of the County Recorder of Orange County, California (the "Property").

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 10 -

COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

29.    Plaintiffs are informed and believe and based thereon allege that Defendant the Aboubakare Trust Dated May 26, 1996 was at all relevant times alleged herein a revocable, *inter vivos* estate planning trust established and controlled by Defendant Nasar Aboubakare and/or his wife, Defendant Bang-Co Aboubakare, as trustees.

30.    Plaintiffs are informed and believe and based thereon allege that Defendant the Aboubakare Trust Dated May 26, 1996 continuously owned record title to or an interest in the Property from June or July, 2000, until approximately February 19, 2015.  On February 19, 2015, Defendants Anvar Aboubakare and Thuy Duong Aboubakare, purportedly as trustees of the Aboubakare Trust Dated May 26, 1996 transferred ownership of the Property to Defendant Nasar Aboubakare's mother, Defendant Zaubedah Aboubakare, his brother Anvar Aboubakare, and Jamila Aboubakare Tran, another relative of Defendant Nasar Aboubakare (the "First Transfer").  A true and correct copy of the Grant Deed effectuating the February 19, 2015 First Transfer of the Property is attached as Exhibit "B" hereto.

31.    Plaintiffs are informed and believe and based thereon allege that as recited in the Grant Deed, Exhibit "B" hereto, the First Transfer was for no consideration and was represented in the Grant Deed to be a purported " bonafide [sic] gift and the grantor received nothing in return . . ."

32.    Plaintiffs are informed and believe and based thereon allege that on April 28, 2016, Defendants Anvar Aboubakare and Jamila Aboubakare Tran transferred by Grant Deed their interests in the Property to Defendant Zaubedah Aboubakare, Defendant Nasar Aboubakare's mother (the "Second Transfer").  A true and correct copy of the recorded Grant Deed effectuating the April 28, 2016 Second Transfer of the Property is attached as Exhibit "C" hereto.

- 11 -

104330759\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

33. Plaintiffs are informed and believe and based thereon allege that as recited in the Grant Deed, Exhibit "C" hereto, the Second Transfer was for no consideration and was represented in the Grant Deed to be a purported " bonafide [sic] gift and the grantor received nothing in return . . ."

34. Plaintiffs are informed and believe and based thereon allege that Defendant Zaubedah Aboubakare is the present record owner of the Property. Plaintiffs are informed and believe and based thereon allege that Defendant Zaubedah Aboubakare has recently listed the Property for sale on real estate websites and a Multiple Listing Service.

**FIRST CLAIM FOR RELIEF**
**AVOIDANCE OF FRAUDULENT TRANSFERS**

35. Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully set forth herein.

36. On information and belief, at all relevant times mentioned herein, Defendants Nasar Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996, Bang-Co Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996, Anvar Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996, and Thuy Duong Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996 were knowledgeable of the Aboubakare Trust Dated May 26, 1996's assets, business operations and financial condition.

37. On information and belief, on or about February 19, 2015, the date of the First Transfer of the Property, Defendant Nasar Aboubakare was a debtor and owed money to a multitude of creditors holding outstanding claims against him that had matured, including, but not limited to, the Receiver and his successors-in-interest, Plaintiffs.

- 12 -

COMPLAINT

38.    On information and belief, on or about February 19, 2015, the date of the First Transfer of the Property, Bang-Co Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996, Anvar Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996, and Thuy Duong Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996 knew or should have known that Defendant Nasar Aboubakare was a debtor and owed money to a multitude of creditors holding outstanding claims against him that had matured, including, but not limited to, the Receiver and his successors-in-interest, Plaintiffs.

39.    On information and belief, on or about February 19, 2015, the date of the First Transfer of the Property, Defendant Nasar Aboubakare had lost, transferred, concealed, or otherwise disposed of the vast majority of his assets.  By causing or allowing Defendant the Aboubakare Trust Dated May 26, 1996 to transfer the Property by the First Transfer at a time when he was in payment default under the November 4, 2013 Settlement Agreement, Defendant Nasar Aboubakare knew or should have known that he would render himself insolvent and thereby incur the damages described herein and for which he would have rendered himself "judgment-proof."

40.    On information and belief, on or about February 19, 2015, the date of the First Transfer of the Property, Bang-Co Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996, Anvar Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996, and Thuy Duong Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996 knew or should have known that Defendant Nasar Aboubakare was in payment default under the November 4, 2013 Settlement Agreement and knew or should have known that he would render himself insolvent and thereby

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 13 -

COMPLAINT

incur the damages described herein and for which he would have rendered himself judgment-proof.

41.    Plaintiffs are creditors of Defendant Nasar Aboubakare under the Settlement Agreement and subsequent Judgment.

42.    On information and belief, the First Transfer of the Property by the Aboubakare Trust Dated May 26, 1996 on February 19, 2015, was made with an actual intent to hinder, delay, or defraud Defendant Nasar Aboubakare's then and future creditors, including, but not limited to, Plaintiffs, in the collection of their claims.

43.    On information and belief, on February 19, 2015, the date of the First Transfer when Defendant Aboubakare Trust Dated May 26, 1996 transferred the Property, the Aboubakare Trust Dated May 26, 1996 had substantial equity in the Property.

44.    On information and belief, in exchange for the First Transfer of the Property on February 19, 2015, neither Nasar Aboubakare nor the Aboubakare Trust Dated May 26, 1996 received reasonably equivalent value in exchange for the Property.

45.    Defendants' scheme was not complete with just the First Transfer. Plaintiffs are informed and believe and based thereon allege that on April 28, 2016, Defendants Anvar Aboubakare and Jamila Aboubakare Tran transferred by Grant Deed their interests in the Property obtained by the First Transfer to Defendant Zaubedah Aboubakare, Defendant Nasar Aboubakare's mother (i.e., the "Second Transfer").

46.    Plaintiffs are informed and believe and based thereon allege that at the times of the First and Second Transfers, Defendants Nasar and Bang-Co Aboubakare lived and still live in a home owned and also occupied by their mother/mother-in-law, Defendant Zaubedah Aboubakare.

COMPLAINT

104330759\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

47.     Plaintiffs are informed and believe and based thereon allege that as recited in the Grant Deed, Exhibit "C" hereto, the Second Transfer was for no consideration and was represented in the Grant Deed to be a purported " bonafide [sic] gift and the grantor received nothing in return . . ."

48.     Plaintiffs are informed and believe and based thereon allege that both the First and Second Transfers are voidable under California's Uniform Voidable Transfers Act, Civil Code Section 3439 *et seq.*

## SECOND CLAIM FOR RELIEF
## AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS

49.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully set forth herein.

50.     Plaintiffs' claims under the November 4, 2013 Settlement Agreement and the Judgment arose before the times of the First and Second Transfers.

51.     Plaintiffs are informed and believe and based thereon allege that none of the Defendants who were the transferees of the First or Second Transfers paid reasonably equivalent value for the Property.

52.     Plaintiffs are informed and believe and based thereon allege that at both the time of the First and the Second Transfers, Defendants Nasar Aboubakare and the Aboubakare Trust Dated May 26, 1996 were insolvent or became insolvent as a result of the First and Second Transfers.

53.     Plaintiffs are informed and believe and based thereon allege that both the First and Second Transfers are avoidable under California's Uniform Voidable Transfers Act, Civil Code Section 3439 *et seq.*

COMPLAINT

104330759\V-2

# THIRD CLAIM FOR RELIEF

## CIVIL CONSPIRACY

54.     Plaintiffs hereby incorporate by reference the preceding paragraphs as if fully set forth herein.

55.     As set forth fully above, Defendants and each of them entered into a plan or scheme to transfer the Property for no consideration.

56.     As early as February 2015, Defendants and each of them knowingly and intentionally conspired and agreed among themselves, or in the alternative, later joined the ongoing conspiracy, to misappropriate the Property and to keep legitimate creditors like the Receiver and Plaintiffs from reaching the equity in the Property.

57.     Defendants fully ratified all past actions in furtherance of the conspiracy.

58.     Defendants conspired to use the Property, including the proceeds of loan refinancings and potentially a sale, for improper purposes and to hinder, delay and defraud Plaintiffs and as alleged herein, committed overt acts in furtherance of the conspiracy.

59.     Apart from the above, Defendants knowingly and willfully conspired to, intended to, and agreed among themselves to convert the assets of the Aboubakare Trust Dated May 26, 1996 for themselves and to the complete exclusion of legitimate creditors like Plaintiffs.

60.     As a result of the agreement between the Defendants, Defendants, without the consent of the Receiver or Plaintiffs, have already converted through loans against the Property some hundreds of thousands of dollars of equity that rightfully should have paid under the Settlement Agreement or Judgment to Plaintiffs.

COMPLAINT

104330759\V-2

61.    Plaintiffs, as the successors-in-interest to Robert P. Mosier, as the receiver of PEMGroup and its affiliates, are entitled to possession of these wrongfully diverted funds.  Moreover, Plaintiffs have expended and will expend a substantial amount of money and resources in an attempt to collect on the Judgment and to recover the diverted funds.

62.    By virtue of the forgoing conduct, Defendant Nasar Aboubakare and his co-Defendant coconspirators have intentionally, unlawfully and wrongfully deprived the Receiver and/or Plaintiffs of funds belonging to these entities and have wrongfully used funds for their own benefit or for the benefit of their coconspirators and agents.

63.    Defendants' conduct was a substantial factor in harming Plaintiffs.  As a direct and proximate cause of Defendants, Plaintiffs as the successors to the Receiver of PEMGroup and its affiliates, have sustained damages in an amount to be proven at trial including those damages described more fully above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants Nasar Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996;  Bang-Co Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996; Anvar Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996; Thuy Duong Aboubakare, individually and as a trustee of the Aboubakare Trust Dated May 26, 1996;  Zaubedah Aboubakare; Jamila Aboubakare Tran, and The Aboubakare Trust Dated May 26, 1996, as follows:

A.    That the First and Second Transfers be set aside and declared void as to Plaintiffs to the extent necessary to satisfy Plaintiffs' claims.

- 17 -

COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

104330759\V-2

B.    For damages in an amount to be proven at trial;

C.    For costs of suit herein incurred; and

D.    For such other and further relief as the Court may deem proper.

Dated: August 1, 2017                              **DENTONS US LLP**


By:  /s/ Jess R. Bressi
        JESS R. BRESSI
        Attorneys for Plaintiffs
        Hua Nan Commercial Bank, Ltd.; Hua
        Nan Investment Trust Co.; Standard
        Chartered Bank (Taiwan), Ltd.; Bank
        SinoPac; Taichung Commercial Bank;
        EnTie Commercial Bank; KGI Bank
        (fka Cosmos Bank Taiwan); and Core
        Tech Resources, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 18 -

COMPLAINT